UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TERA HUBBARD,

    Plaintiff,

v.                                                        Case No: 5:22-cv-349-JSM-PRL

FAMILY DOLLAR STORES OF
FLORIDA, LLC, et al.,

    Defendants.
_____

## ORDER

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss (Dkt. 5) and Plaintiff's Response in Opposition (Dkt. 9). Upon review of the motion, response, and being otherwise advised in the premises, the Court concludes that the motion should be denied in part and granted in part. Specifically, the claim against Defendant Family Dollar Stores will not be dismissed because the Complaint is not a shotgun pleading. The claim against the John Doe Defendant is insufficiently pled and will be dismissed without prejudice to amend at a later date if Plaintiff can do so in good faith.

## BACKGROUND

Plaintiff Tera Hubbard alleges a premises liability case against Defendant Family Dollar Stores and Defendant John Doe, the store manager working at the time of the incident. Family Dollar Stores contends that the Complaint is a shotgun pleading because Plaintiff "comingles various claims and theories of liability in a single count." Family Dollar Stores also argues that the claim against John Doe should be dismissed because

Plaintiff "fails to allege any ultimate facts showing that he is individually liable for negligence."

## DISCUSSION

The Eleventh Circuit has described the following categories of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

Family Dollar Stores argues that the negligence claim against it is confusing because it comingles different theories of negligence in a conclusory fashion. The Court disagrees. The Complaint does not fail "to give [Defendant] adequate notice of the claims against [it] and the grounds upon which each claim rests." *Id.* at 1323. The claim against Family Dollar Stores delineates the different ways Family Dollar Stores was allegedly negligent in the way that it maintained and operated its premises. This does not hinder its ability to ascertain the single negligence claim against it. So the argument that the Complaint is a

shotgun pleading is denied because the characteristics of a shotgun pleading are not present, either procedurally, or substantively.

The Court agrees that the negligence claim against John Doe is insufficient to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. It is well established that an agent of a corporation, like the manager of a store, may be individually liable if he commits or participates in a tort, even if the acts are within the course and scope of his employment. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005). However, to state a plausible claim, the plaintiff must allege the agent owed a duty to her and that the duty was breached through personal – as opposed to technical or vicarious – fault. *Id.* The agent is not personally liable "simply because of his general administrative responsibility for performance of some function" of his employment. *Id.* (citation omitted). Rather, a plaintiff must plead that the agent is actively negligent. *Id.*

Further, it is well-established that a plaintiff must aver facts to support allegations that the agent of a corporation played a role in plaintiff's injuries. *See, e.g.*, *Boyd v. Petco Animal Supplies Stores, Inc.*, No. 3:18-CV-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13, 2018) (plaintiff failed to plead facts demonstrating that the defendant, a Petco store manager, played any role in her injuries, and therefore the court could find no reasonable basis for the plaintiff's claim against the manger); *Pritchard v. Wal-Mart Stores, Inc.*, No. 809-CV-46-T-24TGW, 2009 WL 580425, at *3 (M.D. Fla. Mar. 5, 2009) (dismissing negligence claim filed against Wal-Mart manager who had control of the store that sold the plaintiff contaminated peanut butter because the claim was based on vague and conclusory allegations); *Gomez v. Wal-Mart Stores East, LP*, No. 16-CV-21356, 2016

WL 4468317, at *2 (S.D. Fla. Aug. 24, 2016) (same); *Petigny v. Wal Mart Stores East, L.P.*, No. 18-23762-CIV, 2018 WL 5983506, at *3 (S.D. Fla. Nov. 14, 2018) (same).

Here, there are no allegations regarding John Doe's involvement in Plaintiff's incident, other than conclusory statements and speculation. Accordingly, the negligence claim against John Doe must be dismissed. Plaintiff's response argues that it is impossible to plead active negligence against John Doe without the benefit of discovery. The Court concludes that the appropriate course is to dismiss the claim without prejudice to Plaintiff to file the appropriate motion to amend after the parties have engaged in discovery. If discovery reveals that a claim against John Doe applies, Plaintiff may file the motion to amend within fourteen days of receiving this discovery.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss (Dkt. 5) is denied in part and granted in part.
2. Count I is not dismissed. Defendant Family Dollar Stores shall file its answer to Count I of the Complaint within fourteen (14) days of this Order.
3. Count III is dismissed without prejudice to Plaintiff to file a motion for leave to amend to allege a negligence claim against John Doe if the motion is filed in good faith and within fourteen (14) days of receiving discovery that reveals that a negligence claim may be alleged against John Doe.

**DONE** and **ORDERED** in Tampa, Florida, this October 5, 2022.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record